UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HUGH M. ROSENTHAL,**
an individual,                                               Case No.:

    Plaintiff,                                    Hon:
                                                            Magistrate:

 vs

**NATIONAL BEVERAGE CORP.,**
a foreign profit corporation, and
**FAYGO BEVERAGES, INC.,**
a domestic profit corporation,

    Defendants.
_____
BURGESS & SHARP, PLLC
Attorneys for Plaintiff
By: Syeda F. Davidson, P72801
Joseph A. Golden, P14105
43260 Garfield, Suite 280
Clinton Township, MI  48038
586-226-2627
syeda@burgess-sharp.com
joseph@burgess-sharp.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Hugh M. Rosenthal ("PLAINTIFF"), through his attorneys at Burgess & Sharp, PLLC, states the following for his Complaint against National Beverage Corp. and Faygo Beverages, Inc. ("DEFENDANTS"):

1. Plaintiff is a resident of the City of Farmington Hills, County of Oakland, State of Michigan.

2. National Beverage Corp. is a Foreign Profit Corporation, which conducts substantial business throughout the State of Michigan.

3. Faygo Beverages, Inc. ("FAYGO") is a Domestic Profit Corporation which is incorporated in and conducts substantial business throughout the State of Michigan.

4. Faygo is a wholly-owned subsidiary of National Beverage Corp.

5. This court has jurisdiction under the Age Discrimination in Employment Act, 29 USC et seq., and has pendant jurisdiction over state law claims under 28 USC 1367(a).

## GENERAL ALLEGATIONS

6. Plaintiff incorporates the preceding paragraphs by reference.

7. Plaintiff was hired as the Director of Marketing at Faygo in October of 1992.

8. Plaintiff's date of birth is September 15, 1943.

9. Pursuant to an agreement made upon Plaintiff's hire, he incorporated "Rosenthal and Company" to receive payment from Defendant on October 5, 1992.

10. The reason for the incorporation of Rosenthal and Company was so that Plaintiff could obtain advertising agency discounts for Defendant's benefit.

11. Faygo then entered into an agreement with Rosenthal and Company on October 6, 1992, thereby creating a vehicle for Faygo to treat Plaintiff as an independent contractor instead of an employee.

12. Plaintiff was an employee of Defendants.

13. Defendants maintained the ability to control the manner and means by which Plaintiff's duties were accomplished, including, but not limited to the following: providing Plaintiff with business cards and a name badge identifying him as "Faygo Director of Marketing;" paying Plaintiff a regular salary plus a bonus; requiring Plaintiff to attend weekly management meetings; prohibiting Plaintiff or Rosenthal and Company from working for any other companies; providing Plaintiff with an office, computer, and company e-mail; setting Plaintiff's hours and working conditions; subjecting him to employment policies and training; and directing members of its management to supervise Plaintiff.

14. Plaintiff worked diligently for Defendants and received substantial bonuses throughout the twenty years that he was employed by them.

15. Throughout the last few years of Plaintiff's employment with Defendants, members of Faygo's senior management team often asked Plaintiff when he would retire, or why he had not yet retired.

16. On November 21, 2011, Plaintiff discovered a posting on Careerbuilder.com for a Brand Manager, which listed duties identical to that of Plaintiff's position as the Director of Marketing.

17. Plaintiff immediately asked Faygo's Human Resources Director if the posting was for his position.

18. Plaintiff was informed that he was going to train his replacement and then be terminated.

19. Plaintiff was sixty-eight years old at the time that the Brand Manager position was posted.

20. Plaintiff was terminated on July 24, 2012.

21. Plaintiff was replaced by a younger employee.


22. On July 24, 2012, Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR").

23. Plaintiff received a Notice of Right to Sue from the EEOC dated April 1, 2014.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, 29 USC 621 ET SEQ.

24. Plaintiff incorporates the preceding paragraphs by reference.

25. At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of the Age Discrimination in Employment Act of 1967, as Amended, 29 USC 621 et seq.

26. At all relevant times, Plaintiff was qualified for his position as Director of Marketing.

27. Plaintiff was sixty-eight years old at the time that Defendants terminated him.

28. Plaintiff's age was the sole factor in the decision to terminate him.

29. Plaintiff was replaced by a younger male when he was terminated.

30. Defendants' actions were intentional, in disregard for Plaintiff's rights and sensibilities.

31. The reasons given for Plaintiff's termination by Defendants were inaccurate, untrue, or otherwise in violation of Plaintiff's statutory rights. They were manufactured as a pretext to cover up Defendants' intent to discriminate against Plaintiff because of his age.

32. As a result of Defendants' illegal discrimination due to Plaintiff's age, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment advancement opportunities.

Plaintiff respectfully requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for his lost wages, lost benefits, loss of future wages, compensatory damages, punitive damages, loss of employment and advancement opportunities, and emotional distress resulting from Defendants' violation of the Age Discrimination in Employment Act of 1967, as Amended, as well as attorney fees and costs.

## COUNT II
## VIOLATION OF THE ELLIOT-LARESEN CIVIL RIGHTS ACT,

## MCL 37.2201 ET SEQ.

33. Plaintiff incorporates the preceding paragraphs by reference.

34. At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act, MCLA 37.2101 et seq.

35. Plaintiff was sixty-eight years old at the time of his termination.

36. At all relevant times, Plaintiff was qualified for the position of Director of Marketing.

37. Plaintiff's age was a factor in the decision to terminate him.

38. Had Plaintiff been a younger person, he would not have been terminated.

39. Other similarly situated employees who were younger than Plaintiff were not terminated.

40. Plaintiff was replaced by a younger male when he was terminated.

41. Defendants' actions were intentional, in disregard for Plaintiff's rights and sensibilities.

42. The reasons given for Plaintiff's termination by Defendants were inaccurate, untrue, or otherwise in violation of Plaintiff's

statutory rights. They were manufactured as a pretext to cover up Defendants' intent to discriminate against Plaintiff because of his age.

43. As a direct result of Defendants' illegal discrimination because of Plaintiff's age, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment advancement opportunities.

Plaintiff respectfully requests that this Honorable Court grant whatever legal or equitable relief it finds appropriate to compensate Plaintiff for his lost wages, lost, benefits, loss of future wages, compensatory damages, exemplary damages, loss of employment and advancement opportunities, and emotional distress resulting from Defendants' violation of the Elliot-Larsen Civil Rights Act, as well as attorney fees and costs.

Dated: June 18, 2014

BURGESS & SHARP, PLLC

/s/ Syeda F. Davidson
43260 Garfield, Suite 280
Clinton Township, MI 48038
(586) 226-2627
e-mail: syeda@burgess-sharp.com
P72801

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, HUGH ROSENTHAL, by and through his attorneys, BURGESS & SHARP, PLLC, and hereby makes a demand for a trial by jury in the above-entitled matter.

                                      BURGESS & SHARP, PLLC

                                      /s/ Syeda F. Davidson_____
                                      43260 Garfield, Suite 280
                                      Clinton Township, MI  48038
                                      (586) 226-2627
                                      e-mail:  syeda@burgess-sharp.com
                                      P72801

Dated: June 18, 2014